UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVEN L SMITH,
     Plaintiff,

       v.

                                   CIVIL ACTION NO. 26-11473-MPK

LT. J. MASON, et al.,

     Defendants.

ORDER FOR REASSIGNMENT AND RECOMMENDATION OF DISMISSAL
May 26, 2026

KELLEY, U.S.M.J.

On March 27, 2026, Steven Smith, who is representing himself, filed a civil complaint

without paying the $405 filing fee or filing a motion for leave to proceed *in forma pauperis*.

Smith represented in his complaint that he is a pretrial detainee in custody at the Plymouth

County Correctional Facility and provided the address of the facility.

On April 24, the Court issued an order directing Smith to resolve the filing fee by

(1) paying it; or (2) filing a motion for leave to proceed *in forma pauperis* with the institutional

account statement required by 28 U.S.C. § 1915(a)(2).  ECF No. 3.  The Court stated that failure

to do so within twenty-one (21) days could result in dismissal of this action.  The same day, a

copy of this order and an *in forma pauperis* application were mailed to Smith at the Plymouth

County Correctional Facility.  ECF No. 4.  Smith has not responded to that order, and the

deadline for doing so has lapsed.[1]

---

[1] On May 8, 2026, the order was returned to the Clerk as undeliverable.  ECF No. 5.  Because
Smith has not filed a notice of any address change, the order is deemed properly served.  *See*
L.R. 83.5.5(h) (D. Mass.) ("Any notice sent by the clerk or any party to a *pro se* party shall be
deemed delivered and properly served if sent to the most recent address or e-mail address
provided by the *pro se* party.").

Accordingly, the Court ORDERS the Clerk to reassign this case to a District Judge and the Court RECOMMENDS to the District Judge that this action be dismissed without prejudice for failure to pay the filing fee.

The parties are advised that any party who objects to this recommendation must file a specific written objection with the Clerk of this Court within fourteen days of service of the Report and Recommendation.  The written objection must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for such objection.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *U.S. v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweike*r, 702 F.2d 13, 14 (1st Cir. 1983); *U.S. v. Vega,* 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Manor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).


SO ORDERED.

 /s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge
